NOT FOR PUBLICATION                                     (Docket No. 17)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                                    :
STEVEN ROBERTS,                     :
                                    :
                                    :
              Plaintiff,            :        Civil No. 06-88 (RBK)
                                    :
        v.                          :        OPINION
                                    :
RYAN GILLIKIN, et al.               :
                                    :
                                    :
              Defendants.           :
_____   :
```

**KUGLER**, United States District Judge:

Before the Court is a motion by Defendants Officer Ryan Gillikin, Paulsboro Chief of Police Ridinger, and the Borough of Paulsboro, (collectively "Defendants") for reconsideration and clarification of this Court's Opinion and Order of July 13, 2007, granting in part and denying in part summary judgment for Defendants. For the reasons discussed below, Defendants' motion will be granted in part and denied in part.

I.      BACKGROUND

On February 4, 2005, Officer Gillikin, a police officer with the Borough of Paulsboro Police Department, conducted a traffic stop of a vehicle driven by Plaintiff because the vehicle had a cracked windshield and an expired registration sticker. When Plaintiff lowered the car

window at Officer Gillikin's request, Officer Gillikin detected the smell of marijuana emanating from inside the vehicle.

After Plaintiff failed to produce a driver's license, Officer Gillikin asked the two passengers in Plaintiff's vehicle for identification, which they each produced.  Officer Gillikin then asked Plaintiff to step out of the vehicle.  When asked why the car smelled of marijuana, Plaintiff allegedly admitted to smoking marijuana on occasion.  Officer Gillikin asked Plaintiff if he possessed any controlled dangerous substances ("CDS").  Plaintiff alleges that he initially denied possession of a CDS, but ultimately voluntarily surrendered a bag of marijuana in one of his pockets after Officer Gillikin reached into one of Plaintiff's pockets.[1]  Officer Gillikin then arrested Plaintiff for possession of a CDS.[2]

Upon arrival at the police station, but prior to his placement in a holding cell, Plaintiff alleges that Officer Gillikin subjected Plaintiff to a "strip search" and a "body cavity search." Specifically, Plaintiff alleges that Officer Gillikin instructed Plaintiff to remove all of his clothing, including his undergarments.  Plaintiff further alleges that Office Gillikin told Plaintiff to "bend over," revealing his anal cavity, penis and scrotal area.  Finally, Plaintiff alleges that Officer Gillikin told Plaintiff to "jiggle his balls."

Officer Gillikin disagrees with Plaintiff's account of the search, and states that Plaintiff remained in his underwear and undershirt, and that he merely told Plaintiff to "shake his boxers out."  Officer Gillikin also states that he conducted the search because, in his previous

---

[1]     Officer Gillikin alleges that he discovered the "nickel bag" of marijuana only after a pat-down search of Plaintiff.

[2]     At some point during the vehicle stop and Plaintiff's arrest, two additional Paulsboro police officers arrived on the scene.

experience, arrestees sometimes produce "one dime bag" at the time of the initial stop or arrest and hide remaining bags in their clothing or on their bodies.  Officer Gillikin states that it was necessary to search Plaintiff to ensure that he was charged with the appropriate offense. Defendant was ultimately charged with a disorderly persons offense, pursuant to N.J.S.A. §§ 2C:35-10(4) and 2C:36-2.

Plaintiff filed a complaint in United States District Court for the District of New Jersey on January 9, 2006.  On November 28, 2006, Officer Gillikin, Chief of Police of Paulsboro, and the Borough of Paulsboro moved for summary judgment.  In an Opinion and Order dated July 13, 2007, the Court granted the motion as to Plaintiff's federal constitutional claims against Officer Gillikin and the Borough of Paulsboro.  The Court also granted summary judgment on Plaintiff's claims for pain and suffering damages.  The Court denied the motion as to Plaintiff's claims alleging violations of the New Jersey Constitution and assault and battery.  Defendants then filed on July 23, 2007 the present motion for clarification and reconsideration of the Court's July 13, 2007 opinion.

## II.    STANDARD OF REVIEW

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters

"which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp. 2d at 345.

L. Civ. R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with

4

an opportunity for a second bite at the apple." <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 533

(D.N.J. 1998) (citation omitted).

## III.   DISCUSSION

### A.   Assault and Battery Claim

Defendants ask for reconsideration of the Court's denial of summary judgment on

Plaintiff's assault and battery claim.  Defendants submit that Plaintiff cannot prove damages, and

they support their argument with the Court's grant of summary judgment on Plaintiff's claim for

damages for pain and suffering.  Plaintiff contends that the assault and battery claim survives

because of the potential for punitive damages even in the absence of evidence of injury.

Concluding that Plaintiff cannot seek damages for his pain and suffering is not the same

as concluding that Plaintiff cannot seek damages for the alleged assault and battery.  Assault and

battery are dignitary torts and do not require proof of harm to be actionable.  <u>See</u> <u>Perna v.</u>

<u>Pirozzi</u>, 92 N.J. 446, 460-61 (1983) (noting that battery is an "unauthorized invasion of the

plaintiff's person, even if harmless"); <u>Kelly v. County of Monmouth</u>, 380 N.J. Super 552, 565

(N.J. Super. Ct. App. Div. 2005) (observing that nominal or punitive damages have traditionally

been available as a remedy for common law assault or battery).  The prior Opinion granting

Defendants summary judgment on Plaintiff's claims for pain and suffering does not preclude

Plaintiff from prevailing on his claim for assault and battery.

Additionally, Plaintiff is advised that if he does prevail on the issue of liability, he is not

entitled to seek punitive damages from the Borough of Paulsboro under the New Jersey Tort

Claims Act ("TCA").  N.J.S.A. § 59:9-2(c) ("No punitive or exemplary damages shall be

awarded against a public entity.").  However, he may seek punitive damages from Officer

Gillikin.  The Court additionally notes that Plaintiff's complaint does not include a demand for nominal damages.

### B. Remaining State Law Claims

The Court notes that Plaintiff's <u>Monell</u> claim alleging that the Borough of Paulsboro had a policy that resulted in federal constitutional deprivations did not survive summary judgment because summary judgment was granted to Defendants on all federal claims.  The Complaint in Count Five does include allegations that the Borough of Paulsboro had a policy or practice of conducting searches in violation of New Jersey law.  However, the TCA precludes a finding of liability under state law based on discretionary policymaking where, as here, there is no evidence that the policy or practice is palpably unreasonable.  N.J.S.A. § 59:2-3.  No allegations that the Borough is independently liable to Plaintiff remain.

The remaining claims against the Borough of Paulsboro arise under the derivative liability provisions of the TCA.  Under the TCA, "a public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of employment in the same manner and to the same extent as a private individual under like circumstances."  N.J.S.A. § 59:2-2. Plaintiff's claims against Officer Gillikin based on violations of the New Jersey Constitution and based on assault and battery remain.  Because Officer Gillikin is a public employee of the Borough of Paulsboro, the Borough may be liable to Plaintiff if Officer Gillikin is found liable for the violations of the New Jersey Constitution and for assault and battery.

The Court also notes that no claims remain against Paulsboro Chief of Police Ridinger. There are no allegations in the complaint that Chief Ridinger participated in the alleged violations of Plaintiff's rights under the New Jersey Constitution or participated in the alleged

assault and battery of Plaintiff.  Additionally, Chief Ridinger is not liable for the actions of

Officer Gillikin, as he, unlike the Borough of Paulsboro, is not a "public entity" within the

meaning of the TCA.  N.J.S.A. § 59:2-2.  Summary judgment has been granted to Chief Ridinger

on all claims.

## IV.    CONCLUSION

Plaintiff's remaining claims are: (a) a claim against Officer Gillikin, alleging that his

actions in conducting a strip search and cavity search were in violation of Plaintiff's rights under

the New Jersey Constitution; (b) a claim against Officer Gillikin for assault and battery; (c) a

claim against the Borough of Paulsboro for Officer Gillikin's liability for violations of the New

Jersey Constitution; and (d) a claim against the Borough of Paulsboro for Officer Gillikin's

liability for assault and battery.  Defendants' motion for reconsideration on Plaintiff's assault and

battery claim is denied; the motion to clarify that no independent claims remain against the

Borough of Paulsboro is granted.


Dated:    1/25/2008          　　　　　　　 /s/ Robert B. Kugler
　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　United States District Judge